## Case No. 14,414.

### UNITED STATES v. ——.

[12 Law Rep. 90.]

District Court, N. D. New York. 1849.

COUNTERFEITING—UTTERING COUNTERFEIT COIN—CONSTITUTIONAL LAW.

Whether congress has power to provide for the punishment of the offence of passing counterfeit coin, quære.

This was an indictment for passing certain pieces of counterfeit coin in the similitude of the current coin of the United States. The prisoner having been brought into court for trial, his counsel moved the court to quash the indictment on the ground that the offence charged was not within the jurisdiction of the court. The authority upon which reliance was chiefly placed in support of the motion, was Fox v. State of Ohio, 5 How. [46 U. S.] 410.

B. F. Hall and D. Andrews, for the prisoner. George W. Clinton, U. S. Dist. Atty.

CONKLING, District Judge, in deciding on the motion, expressed himself substantially as follows:

This question is not new in this court. The same objection was made in the case of another similar indictment at a late session of the court and the indictment, on this ground, was transmitted, under the late act of congress, for trial, to the circuit court, for the purpose of having the question brought to the consideration of the presiding judge of that court. In the interim I have again examined the case of Fox v. State of Ohio, 5 How. [46 U. S.] 410; and I am constrained to say that the ground, on which the decision in that case is placed, seems to me to forbid the exercise of jurisdiction in the case before the court. The question in Fox's Case was, whether the several states have authority to provide by law for the punishment of the offence for which it is proposed to put the prisoner on trial. The question was of course supposed on all hands to depend on the sound construction of those clauses of the 8th section of the first article of the constitution of the United States, by which it is ordained that congress shall have power "to coin money, and to regulate the value thereof, and of foreign coin:" and "to provide for the punishment of counterfeiting the securities and current coin of the United States." The counsel for the plaintiff in error insisted that the authority of congress, in virtue of these provisions, to provide for the punishment of the offence of uttering base coin, no less than that of making it, is vested exclusively in congress: while, in behalf of the state of Ohio it was contended that this power was not granted to congress at all, and belonged, therefore, exclusively to the states. This latter proposition, I understand the supreme court distinctly to have sanctioned and adopted. "We think it manifest," say the court "that the language of the constitution, by its proper signification, is limited to the facts, or to the faculty in congress of coining and of stamping the standard value upon what the government creates or shall adopt, and of punishing the offence of producing a false representation of what may have been so created or adopted. The imposture of passing a false coin creates, produces, or alters nothing; it leaves the coin where it was,—affects its intrinsic value in nowise whatsoever." It is true that in noticing the argument of the counsel for the plaintiff in error, that unless the power to inflict punishment for the offence in question is held to belong exclusively to the national government, there will be danger that the offender will be twice punished for the same act, the court proceed to combat the reality of this danger, even conceding the power to be rightfully concurrent. But this concession is made only for the sake of argument, and its supposed immateriality does not appear to have been considered essential to the decision.

Mr. Justice McLean dissented from the decision. He agreed with the court, however, in considering the power in question to be exclusive, but maintained, in opposition to the court, that it was vested, not in the states, but in congress. His argument to show that the power, if it exists, ought to be deemed exclusive, on the ground that its exercise would, in the language of the Federalist, be "contradictory and repugnant," is very strong. Mr. Justice McLean did not, however, attempt to maintain that the power was expressly conferred by the constitution. Indeed, it would seem to be idle to insist that the grant of

power to provide for the punishment of "counterfeiting the current coin," conferred, ex vi termini, the power to provide for the punishment of passing counterfeit coin. The offences are widely dissimilar in their nature and in point of aggravation, and have always been so considered. Had the constitution been altogether silent, with respect to the power of penal legislation, in regard to this, as well as other subjects to which it pertains and has been exercised, it would then have been left in this as in the other cases, to reasonable intendment, as incidental to the general power of legislation, or, in other words, it might have been considered as depending on that provision of the constitution which confers the power to pass all laws necessary and proper for carrying into execution the other enumerated powers. No one, it is presumed, would, in that case, have questioned the authority of the nation to punish the crime of coining, and by parity of reasoning, the power to punish the offence of passing counterfeit coin might not unreasonably have also been inferred. At any rate, the power in each instance would have rested upon the same general footing, and the whole subject being thus committed reasonably to the discretion of congress, the constitutionality of a law providing for the punishment of passing false coin, would not have been likely to be even entertained by the courts as a judicial question. I cannot, however, but think, that the force of the learned and able opinion of Mr. Justice McLean, to prove that the power to punish the offence of passing, as well as that of counterfeiting, ought to belong to the nation, is, in no slight degree, diminished by the above-mentioned provision of the constitution, expressly conferring the power to punish the crime of coining. "Expressum facit cessare tacitum." With the exception of "piracies and felonies committed on the high seas, and offences against the laws of nations," which are sui generis, and which there were the most cogent reasons for bringing under the cognizance of the national tribunals, and with the exception also of the power of penal legislation embraced in the grant of exclusive legislative authority over ceded territory, the offence of counterfeiting is the only one expressly named in the constitution, over which the legislative power of congress is declared by the constitution to extend. The authority to punish depredations upon the mail; frauds in obtaining pensions; enticing soldiers to desert; conspiracies to defraud underwriters, and bottomry-bond holders; perjury, &c. &c.; is left to be inferred from the general grant of legislative power over the several subjects to which these offences respectively relate. Why was the power to punish the offence of coining expressly given, unless it was, by defining, also to limit the power of penal legislation relative to the coin? On the other hand, however, it must be conceded, that serious embarrassments are likely to arise from the recognition of a concurrent power over the subject by the states. If the power to punish coining belongs exclusively to the nation, and that of punishing the offence of passing to the states, where is the power to punish the mischievous and common offence of importing spurious coin from Canada, vested? Perhaps the subject may hereafter, upon maturer consideration, be placed by the supreme court, on a more satisfactory footing—either by deciding the power to punish all offences against the coin, to be concurrent in the nation and the states; or, which would still more effectually remove the difficulty, by reconsidering the decision of Fox v. State of Ohio [supra], and adopting the doctrine maintained by Mr. Justice McLean. But so long as that decision remains unshaken by the authority from which it emanated, I must decline to exercise jurisdiction of the offence of passing counterfeit coin.